IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DADRAIN DANTWONE BANKS                                                      PLAINTIFF

v.                                     Civil No. 6:20-CV-06075

SERGEANT FORD, *et. al.*                                                   DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's Motion for Preliminary Injunction. (ECF No. 16).

### I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on July 14, 2020. (ECF No. 2). It was transferred to this District on July 16, 2020. (ECF No. 4). Plaintiff filed his Motion on August 20, 2020. (ECF No. 16). He was granted *in forma pauperis* status on September 15, 2020, and filed his Amended Complaint on September 29, 2020. (ECF No's. 22, 31). In his Amended Complaint, Plaintiff alleges several claims, including excessive force, denial of medical care,[1] forced injection of psychotropic drugs, failure to protect him from harming himself, unconstitutional conditions of confinement,[2] and denial of access to courts. (ECF No. 31).

In his Motion for Preliminary Injunction, Plaintiff asks that the Court prevent the racist white staff of the Garland County Detention Center (GCDC) from harassing him. (ECF No. 16 at 4). Specifically, he asks that officials stop changing the wording, time and dates of his grievances

---

[1] Failure to provide Tylenol, refusal of sick calls, refusal to report his blood pressure medication, and refusal to flush out his eyes after he was sprayed with pepper spray.
[2] Placement in a cell with feces on the ceiling, wall, and under the bunk.

1

and sick call logs, stop deleting his submissions from the system, and stop blocking him from using his tablet to submit forms. (*Id*. at 1-2). He alleges that the racist white males and white females have networked together in a joint effort to frame him for sex charges and disciplinary charges. (*Id*. at 3). The racist staff have denied him his commissary privileges and only give him breaks out of his cell at 3 a.m. or 4 a.m. when the phones are turned off. (*Id*.) He alleges the racist staff "a lot of times" does not feed him his breakfast or lunch, and the white males spit in or put trash in his food. (*Id*.). Plaintiff attached commissary receipts indicating he purchased instant soup, snack foods, candy, instant coffee, drinks, personal care items, and stamped envelopes in August 2020. (*Id*. at 6-7).

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).

While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976). The burden of proving a preliminary

injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). In addition, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

### III. ANALYSIS

#### A. Plaintiff's Request for Injunction Relief is Unrelated to his § 1983 Complaint

Preliminary relief is granted "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Therefore, the party requesting preliminary relief must "establish a relationship between the injury claimed in the party's motions and the conduct asserted in the complaint." *Id.* Here, Plaintiff failed to establish any relationship between the allegations in his Amended Complaint, and the allegations in his request for injunctive relief. His request for injunctive relief, therefore, should be denied. *See, e.g.*, *Devose*, 42 F.3d at 471 (denying a preliminary injunction where a prisoner's retaliation allegation was "entirely different from" the inadequate medical care claims and relief requested in his § 1983 complaint); *Owens v. Severin*, Case No. 08-1418, 2008 WL 4240153 (8th Cir. Sept. 18, 2008) (unpublished opinion) (denying a prisoner's request for a preliminary injunction because the "the relief sought was unrelated to the allegations in his [§ 1983] complaint".)

#### B. Plaintiff Has Not Met His *Dataphase* Burden

Even if the basis of his motions were related to the conduct asserted in his Complaint, Plaintiff is not entitled to injunctive relief under *Dataphase*. First, even if true, none of his claims are likely to succeed as inmates do not have a constitutional right to commissary privileges or a right to a grievance process. *See, e.g., Scott v. Burl*, 2018 WL 1308963, at *6 (E.D. Ark. Feb. 2,

2018) ("no protected property or liberty interest in commissary privileges."); *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (no claim when "various defendants denied his grievances or otherwise refused to help him"). Further, any claims concerning Plaintiff's disciplinary charges are barred by the *Heck* doctrine. *See Edwards v. Balisok*, 520 U.S. 641 (1997); *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002) (The *Heck* doctrine applies to inmate disciplinary proceedings.). Plaintiff does not allege that he was completely denied any recreation; and does not allege that he suffered any muscle atrophy or other ill-effect from the denial of recreation. *See Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (A "lack of exercise may be a constitutional violation if one's muscles are allowed to atrophy or if an inmate's health is threatened."). Finally, Plaintiff has not alleged sufficient facts to support a claim concerning the denial or adulteration of meals. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ( Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.).

Second, Plaintiff has not demonstrated he will suffer any irreparable harm if injunctive relief is denied. He has not even alleged irreparable harm. Without a finding of irreparable injury, a preliminary injunction should not be issued. *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.*, 871 F.2d 734, 738 (8th Cir. 1989) (en banc).

Third, the Court must also balance the harm and injury to Defendants if an injunction is granted and assess whether the issuance of an injunction would be in the public interest. In assessing the public interest, it must be remembered that "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). Granting injunctive relief at this point based on Plaintiff's unsubstantiated allegations would amount to direct interference by the Court with the operation and administration of the GCDC which is harmful to Defendants and does not serve any public interest. As noted above, the Court should grant injunctive relief only "with great caution because judicial restraint

is especially called for in dealing with the complex and intractable problems of prison administration." *Goff*, 60 F.3d at 520.

## IV. CONCLUSION

Accordingly, I recommend that Plaintiff's Motion for Injunction (ECF No. 16) be **DENIED**.[3]

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **17th day of November 2020**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[3] I also note, based on a separate case Plaintiff has pending in this Court, the Plaintiff appears to no longer be incarcerated in the GCDC. *See Banks v. Branstetter*, Case No. 6:20-cv-6110, ECF No. 17 (mail sent to Plaintiff at GCDC has been returned as undeliverable). Plaintiff's request for injunctive relief against the GCDC is mooted by his transfer to a different facility or release. *See Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (release from the institution in which the injunctive relief is sought against moots the request for injunctive relief). *See also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding an inmate's claims regarding prison conditions moot once the inmate was transferred and no longer subject to those conditions).