IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DADRAIN DANTWONE BANKS                                                                PLAINITFF

v.                                    Case No. 6:20-cv-6075

FORD, et al.                                                                         DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation filed November 17, 2020, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 39. Plaintiff filed objections to the Report and Recommendation. ECF No. 40. The Court finds the matter ripe for consideration.

## I. BACKGROUND

Plaintiff, proceeding *in forma pauperis*, filed his Complaint against Defendants on July 14, 2020. ECF No. 2. He alleged claims related to his conditions of confinement, denial of medical care, and lack of access to the courts. *Id*. Plaintiff filed his Amended Complaint on September 29, 2020, which included claims of excessive forces, denial of medical care, failure to protect him from hurting himself, unconstitutional conditions of confinement, and lack of access to the courts. ECF No. 31. Plaintiff filed a Motion for Preliminary Injunction on August 20, 2020, alleging various forms of harassment from the staff at the Garland County Detention Center ("GCDC"), including revocation of his commissary privileges. ECF No. 16. Plaintiff requests a stop to this harassment and a reinstatement of his commissary privileges. *Id*. Judge Bryant submitted his Report and Recommendation and recommended denying Plaintiff's motion because he failed to connect the injunction with the claims in his complaint and to meet the standard for granting

preliminary injunctions. ECF No. 39. Plaintiff objected and reiterated the myriad of ways that he claims the GCDC staff are harassing him. ECF No. 40.

## II. DISCUSSION

Before the Court is the Report and Recommendation regarding Plaintiff's Motion for Preliminary Injunction. ECF No. 37. Courts may grant preliminary injunctions pursuant to Federal Rule of Civil Procedure 65. Judge Bryant recommends Plaintiff's motion be denied because his requested injunction is unrelated to the 42 U.S.C. § 1983 claims in his complaint. He further recommends that Plaintiff's motion be denied because he failed to satisfy the test for evaluating the merits of a request for a preliminary injunction.

**A. Requested Injunction's Relevance to Plaintiff's Complaint**

A preliminary injunction is meant to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994) (citation omitted). For a preliminary injunction to be granted, the moving party must show a connection between the conduct alleged in the complaint and the injury detailed in the motion for the injunction. *See id*. New assertions of actionable conduct, while potentially the basis for new claims, are not adequate grounds for granting a preliminary injunction for claims in the complaint. *See id*.

Judge Bryant recommends that Plaintiff's motion be denied because all the conduct alleged in the motion is unrelated to the conduct that gives rise to his claims in the complaint. ECF No. 39, p. 3. Judge Bryant notes that every discernable incident and potential claim in Plaintiff's motion for the injunction is wholly new and the first time he has mentioned them in this case. Therefore, Judge Bryant concludes that the motion must necessarily fail because the relief sought would not go toward preventing any potential injury related to the conduct detailed in the

2

complaint. *Id*. (citing *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Plaintiff objects, but only to reiterate the myriad of allegations of new harassment, and he makes no connection between the injunctive relief he seeks and the claims in his complaint.

The Court finds that Judge Bryant's analysis is correct. Plaintiff never explains how the relief he seeks now and the conduct it is meant to prohibit has any relation to the claims in his complaint. Accordingly, Plaintiff's Motion for Preliminary Injunction must be denied for failing to establish a connection between the complaint and the injunctive relief sought. *See Devose*, 42 F.3d at 471.

### b. Merits of Plaintiff's Motion

The criteria for evaluating a request for injunctive release was detailed in *Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981). The factors for consideration are "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Id*. at 114. The burden of showing that a preliminary injunction is warranted is wholly on the movant. *See Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). While no single factor in the criteria is determinative, lack of an irreparable injury is sufficient grounds to deny a request for preliminary injunction. *See id*.

Judge Bryant recommends that Plaintiff's motion be denied for failing to withstand scrutiny under the factors established in *Dataphase*. ECF No. 39, p. 3-4. He determines that Plaintiff's claims are likely to fail on the merits because they do not involve guaranteed constitutional rights and fail to provide sufficient facts to support the claims. As to the public interest factor, Judge Bryant contends that the high degree of caution courts should show when intruding upon the state's interest in overseeing its correctional systems weighs against granting

Plaintiff's motion. *See Goff v. Harper*, 60 F.3d at 520-21. For the likelihood of irreparable harm consideration, Judge Bryant concludes that Plaintiff has not alleged any irreparable harm and that the motion would fail under this consideration alone. Again, Plaintiff's objection does not address any of Judge Bryant's conclusions or analysis and simply reiterates the new allegations of harassment from the MCDC staff.

The Court finds that Judge Bryant's analysis is sound. Plaintiff's failure to allege any irreparable harm is enough to defeat the motion, and his objection does nothing to dispute that conclusion or any other recommendation by Judge Bryant. *See Goff v. Harper* 60 F.3d at 520. Accordingly, Plaintiff's motion fails to withstand scrutiny under the appropriate criteria and should be denied.

## CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds Plaintiff's objections insufficient to cause the Court to deviate from Judge Bryant's Report and Recommendation. Accordingly, the Court hereby overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 39) *in toto*. Plaintiff's Motion for Preliminary Injunction (ECF No. 16) is hereby **DENIED**.

**IT IS SO ORDERED**, this 4th day of March, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge