IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DADRAIN DANTWONE BANKS                                                                PLAINTIFF

v.                                        Civil No. 6:20-CV-06075

SERGEANT FORD, DEPUTY COOPER,                                                       DEFENDANTS
LIEUTENANT STAPLETON, and NURSE
JASON

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

A clerical mistake in this case has been brought to the Court's attention. Specifically, the Analysis section of the preservice screening Report and Recommendation noted that Plaintiff had stated a plausible claim of excessive force in Claim One against Corporal Couch for a "take-down" on July 19, 2021, prior to the administration of an involuntary Haldol injection. (ECF No. 43 at 7). The Conclusion section, however, incorrectly listed Deputy Cooper instead of Corporal Couch as the Defendant for Claim One. (*Id*. at 9). This Conclusion section list was reproduced in the Order adopting the Report and Recommendation. (ECF No. 45 at 1). As a result, Corporal Couch was removed as a party from the case. (*Id*.).

Federal Rule of Civil Procedure 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." The use of 60(a) is appropriate "where the record makes apparent that the court intended one thing but by

1

merely clerical mistake or oversight did another." *Dura–Wood Treating Co. v. Century Forest Indus.,* 694 F.2d 112, 114 (5th Cir. 1982); *see e.g., Wheeling Downs Race Track and Gaming Ctr. v. Kovach*, 226 F.R.D. 259 (N.D.W. Va. 2004) (a correction under Rule 60(a) is sufficient to correct a clerical mistake which named the wrong party as the prevailing party). Here, the record is clear that the undersigned found that, for Claim One, "Plaintiff has stated a plausible claim of excessive force against Corporal Couch for the take-down on July 19, 2020, prior to his injection." (ECF No. 43 at 7).

Accordingly, it is recommended that Judge Hickey's Order of April 2, 2012, (ECF No. 45 at 1) should be modified pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. Specifically, Item One of the list detailing claims to remain for further consideration should be modified to read:

> 1. Plaintiff's official and personal capacity claims against Corporal Couch for the alleged excessive use of force prior to his Haldol injection on July 19, 2020.

It is further recommended that the Clerk be DIRECTED to reinstate Corporal Couch as a party in this case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **11th day of August 2021**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE