IN THE UNTIED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DADRAIN DANTWONE BANKS                                                    PLAINTIFF

v.                                    Case No. 6:20-cv-6075

SARGEANT FORD, *et al.*                                                  DEFENDANTS

## <u>ORDER</u>

Before the Court is a Report and Recommendation issued on August 11, 2021, by the

Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

ECF No. 57.  Judge Bryant details a technical error in a prior report and recommendation which

was adopted by this Court.  Specifically, he explains that his prior report and recommendation

(ECF No. 43) screening Plaintiff's Complaint had an inconsistency between the analysis section

and the conclusion section regarding Separate Defendant Corporal Couch.  In the analysis section,

Judge Bryant concluded that a plausible claim had been stated against Corporal Couch for Claim

One.  However, the conclusion section incorrectly listed Separate Defendant Deputy Cooper as the

Defendant for Claim One and that this claim could proceed.  On April 2, 2021, the Court adopted

the prior report and recommendation *in toto* (ECF No. 45), and in doing so reproduced the

conclusion section.  This resulted in Corporal Couch being removed as a party in this case when

he should have remained.

Judge Bryant recommends that the Court modify its previous order (ECF No. 45) pursuant

to Federal Rule of Civil Procedure 60(a)[1] to correctly state that Claim One is against Corporal

---

[1] "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."  Fed. R. Civ. P. 60(a).

Couch and that the claim can proceed.  Judge Bryan further recommends that the Clerk be directed to reinstate Corporal Couch as a party in this case.

No party has filed objections to the Report and Recommendation, and the time to object has passed.  *See* 28 U.S.C. § 636(b)(1).  Upon review, the Court adopts the Report and Recommendation (ECF No. 57) *in toto*.  Therefore, pursuant to Federal Rule of Civil Procedure 60(a), the Court is modifying its order entered on April 2, 2021.  ECF No. 45.  Within that order, in the numerical listing of claims that can proceed for further consideration, item one (1) of the list shall now read:

> 1. Plaintiff's official and individual capacity claims against Corporal Couch for the alleged excessive use of force prior to his Haldol injection on July 19, 2020.

The Clerk is **DIRECTED** to reinstate Corporal Coach as a party in this case.

**IT IS SO ORDERED**, this 17th day of September, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge